**STATE, ex rel. VISINTINE & COMPANY, Relator, v. ALEXANDER et, Respondents.**

Ohio Appeals, Tenth District, Franklin County.

No. 5940.   Decided August 19, 1958.

Knepper, White, Richards, Miller & Roberts, Columbus, for relator.

Russell Leach, City Atty., John W. E. Bowen, Chief Counsel, Alba L. Whiteside, Asst. City Atty., Columbus, for respondents.

## OPINION

By MILLER, J.

This is an original action in mandamus wherein the relator is seeking an order directing the respondents, who are the duly appointed, qualified and acting Trustees of the Sinking Fund for the City of Columbus, to pay to it the balance due under construction Contract No. 3296, which was duly entered into with said City.

The petition sets forth all the facts necessary to entitle the relator to the balance due on the contract, and then alleges the failure of respondents to perform their official duty of making payment.   It also alleges:

"Respondents state that they are retaining said balance due in the Sinking Fund pending the settlement of an alleged claim for damages by the City of Columbus arising out of a broken water main at the Spring-Sandusky Interchange.   This alleged claim does not arise out of said Contract No. 3296, and is in no way related to any work done on said contract."

A demurrer has been filed to the petition alleging that it does not

state a cause of action. In the event that the demurrer is overruled respondents then move that the City of Columbus be made a party defendant. In support of the demurrer it is urged that the relator has an adequate remedy at law by way of an action for the balance due upon the contract, and that mandamus, therefore, is not the proper remedy. We are of the opinion that the petition discloses sufficient facts to reveal that the City of Columbus is the real party against which the relief is sought and any defense which it might have to the action should be available to it. In **State, ex rel. Williams v. Glander, 148 Oh St 188,** Judge Turner discusses the "real party in interest" subject at **page 193** and says:

"In 37 **O. Jur., 268, Section 44,** it is said:

" 'In accordance with the general rule that the state cannot be sued without its consent, suits against officers of the state, as representing the state in action and liability where the state, though not a party to the record, is the real party against which relief is sought and where a judgment for the plaintiff, though nominally against the defendant as an individual, could operate to control the action of the state or subject it to liability, are treated as suits against the state.'

"In 59 Corpus Juris, 313, Section 468, it is said:

" 'A suit, involving property in which the state has an undoubted right or interest, and in which no effective decree can be rendered without binding the state itself, is a suit against the state and cannot be maintained without its consent. * * *'

"In 49 American Jurisprudence, 304, Section 92, it is said:

" 'While a suit against state officials is not necessarily a suit against the state, within the rule of immunity of the state from suit without its consent, that rule cannot be evaded by bringing an action nominally against a state officer or a state board, commission, or department in his or its official capacity when the real claim is against the state itself, and the state is the party vitally interested. If the rights of the state would be directly and adversely affected by the judgment or decree sought, the state is a necessary party defendant, and if it cannot be made a party, that is, if it has not consented to be sued, the suit is not maintainable. The state's immunity from suit without its consent is absolute and unqualified, and a constitutional provision securing it is not to be so construed as to place the state within the reach of the process of the court.' "

It is, therefore, our conclusion that the action should be against the real party in interest, to wit, the City of Columbus. Also, since the City of Columbus is asserting a claim against the plaintiff, the plaintiff's claim is therefore not liquidated; hence, mandamus would not be a proper remedy, as there is no clear duty imposed upon these respondents to pay the plaintiff the amount it is seeking. To constitute a ministerial act enforceable by mandamus the duties must be so clear and specific that no element of discretion is left in their performance. State, ex rel. Dennis, 27 O. C. D. 245; 23 O. C. C. N. S. 301.

It is also said in **25 O. Jur. 997, Section 23:**

"It is well settled that the relator's right to the relief sought must

534

be clear. In addition to this, it must appear that the particular act which constitutes an absolute obligation is devolved upon the particular person or officer sought to be coerced; and a plain dereliction of duty must be established against such person or officer, before the writ will be awarded. The right to a writ of mandamus has also been said to rest on the inherent natural justice of the relator's claims. Where it appears that the relator has no right to have a specific act performed, mandamus will not issue."

We therefore hold that the rights of this plaintiff should be limited to an action at law based upon the contract and in which any defense or counterdemand which the City might have could be interposed and the rights of the parties finally adjudicated.

The demurrer will be sustained.

PETREE, PJ, BRYANT, J, concur.