THE STATE, EX REL. LYNCH, *v.* CHESNEY ET AL.

(No. 4128—Decided August 17, 1960.)

*Mr. John J. Lynch,* for plaintiff.

*Mr. Thomas A. Bell,* prosecuting attorney, and *Mr. Elwyn V. Jenkins,* for defendants Adam Chesney and others, members and Clerk of the Mahoning County Board of Elections.

*Mr. Mark McElroy,* attorney general, and *Mr. Gerald J. Celebrezze,* for defendant Ted W. Brown, Secretary of State.

HUNSICKER, P. J. An action in mandamus has been filed in this court. This action seeks to compel the Board of Elections of Mahoning County, and the Secretary of State of Ohio, to accept a nominating petition for the office of Judge of the Court of Appeals of the Seventh Appellate District, which office became vacant by reason of the death on July 22, 1960, of the Honorable Elmer T. Phillips, a member of that court.

The relator is John J. Lynch, an attorney at law in the city of Youngstown, Mahoning County, Ohio, and the defendants are the members and the clerk of the Mahoning County Board of Elections and the Secretary of State of Ohio.

The matter was presented on the petition and the answers thereto, a stipulation of facts, the oral argument of counsel, and written briefs submitted to this court. No evidence, other than the following stipulation of facts, was offered by any of the parties, which stipulation, in its pertinent part, says:

"Relator, John J. Lynch, is an attorney at law, admitted

to practice of law in the state of Ohio for over six (6) years, and is a resident and duly qualified elector of Mahoning County.

"Respondents Adam Chesney, George Ellis, Paul W. Hill and Elton W. Luckhart are the duly appointed, qualified and acting members of the Mahoning County Board of Elections; respondent Phil Rodgers is the duly appointed, qualified and acting clerk of the Mahoning County Board of Elections, and respondent Ted W. Brown is the duly elected, qualified and acting Secretary of State of the state of Ohio.

"Judge Elmer T. Phillips of the Court of Appeals, Seventh District, died on the 22nd day of July, 1960, thereby creating a vacancy in that court. The term of Judge Phillips would have expired on February 8, 1963.

"There will be a general election in Ohio on November 8, 1960.

"Relator, John J. Lynch, contacted respondent Phil Rodgers, clerk of the Mahoning County Board of Elections, to obtain petitions for the purpose of being a candidate for the unexpired term on the Court of Appeals, Seventh District. Respondent Rodgers advised relator that he had been instructed by respondent Ted W. Brown, Secretary of State, and the respondents members of the Mahoning County Board of Elections that the only way that the name of a candidate for this vacancy could be placed on a ballot for the election on November 8, 1960, was under Section 3513.31 of the Ohio Revised Code and that there was no way under the present statutes of Ohio for any person to qualify as a candidate for this vacancy by means of circulating and filing nominating petitions."

The Constitution of Ohio, in Section 13 of Article IV, says, with respect to the filling of vacancies in the office of Judge, as follows:

"In case the office of any judge shall become vacant, before the expiration of the regular term for which he was elected, the vacancy shall be filled by appointment by the governor, until a successor is elected and has qualified; and such successor shall be elected for the unexpired term, at the first general election for the office which is vacant that occurs more than forty days after the vacancy shall have occurred; provided, however, that when the unexpired term ends within one year

immediately following the date of such general election, an election to fill such unexpired term shall not be held and the appointment shall be for such unexpired term."

There is now a vacancy in the office of Judge of the Seventh Appellate District, which must be filled by the election to be held on November 8, 1960.

Section 2, Article XVII of the Constitution of Ohio, does not apply in the instant matter, since the office of Appellate Judge is a district, and not a state, office, and such section in its operation applies to elective state offices only.

Relator says that Section 7, Article V of the Constitution of Ohio, which reads in part as follows, applies herein:

"All nominations for elective state, district, county and municipal offices shall be made at direct primary elections or by petition as provided by law * * *."

It is obvious that there is no "direct primary election" to be held between the date of this vacancy and the election; consequently the operative portion of such constitutional provision applicable herein is to be read as though it said: "All nominations [for the offices designated] * * * shall be made by petition as provided by law."

The statutes of Ohio have provided the manner in which a petition for this office shall be filed and the time when it shall be filed. Section 3513.257, Revised Code. The petition sought to be filed herein does not comply with this section of the statutes.

Section 3513.31, Revised Code, does provide a method whereby the name of a person may be placed on the ballot in such a situation as we have in this case. This statute is not in conflict with Section 7, Article V of the Constitution of Ohio, since, under that section, the authority to nominate by petition has been provided by law under Section 3513.257, Revised Code; and the contingency which arises in a situation such as the instant matter has not been dealt with by the petition method.

We are, by law (Section 13, Article IV), required to have an election for this vacancy in the office of Judge, but the method of selection of the persons who will be placed on the ballot, in such a circumstance as we have herein, has not been set out in the Constitution. The statute (Section 3513.31, Re-

vised Code) has covered this contingency, and such action of the Legislature is not in conflict with any provision of the Constitution of Ohio.

Under the facts of this case, as we have discussed them above, the writ must be denied.

There is also a further reason why this writ must be denied. The Board of Elections is a creature of statute, and the statutes which govern their duties do not provide a method whereby the petition sought to be filed herein by Mr. Lynch may lawfully be accepted. It would be a clear violation of the applicable statutes, passed under authority of Section 7, Article V of the Constitution of Ohio, for the defendant members to take the petition sought to be filed by Mr. Lynch.

"Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." Section 2731.01, Revised Code.

"* * * To constitute a ministerial act enforceable by mandamus the duties must be so clear and specific that no element of discretion is left in their performance. * * *" *State, ex rel. Visintine & Co.*, v. *Alexander*, 79 Ohio Law Abs., 532, at p. 533.

Since there is no act which the law "specially enjoins" the defendants to perform, the writ must be denied.

*Writ denied.*

HURD and KOVACHY, JJ., concur.

HURD, P. J., and KOVACHY, J., of the Eighth Appellate District, and HUNSICKER, J., of the Ninth Appellate District, sitting by designation in the Seventh Appellate District.